FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 JUL 14 PM 1:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANGELA CURRY,                    }
                                 }
    Plaintiff,                   }
                                 }
v.                               }   CIVIL ACTION NO.
                                 }
                                 }   CV-96-AR-1239-E
GEORGIA-PACIFIC CORPORATION,     }
                                 }
    Defendant.                   }
                                 }

**ENTERED**

JUL 1 4 1997

**MEMORANDUM OPINION**

The court has before it a motion for summary judgment filed by defendant, Georgia-Pacific Corporation ("Georgia-Pacific"), in the above entitled action addressing each and all of the seven claims in the complaint of plaintiff, Angela Curry ("Curry").

Counts I and II of plaintiff's complaint assert claims arising under 42 U.S.C. § 2000e, et. seq. ("Title VII"), 42 U.S.C. § 1981, and Title I of the Civil Rights Act of 1991. These federal claims are premised upon allegations that defendant unlawfully discharged plaintiff because of her race, that defendant unlawfully subjected plaintiff to unequal treatment because of her race, and that defendant retaliated against plaintiff for having objected to such discrimination. According to the pretrial order that controls the issues these are the only substantive federal statutes involved.

1

Plaintiff's remaining claims are therefore construed to be state claims which are properly before this court only under the doctrine of supplemental jurisdiction conferred to this court by 28 U.S.C. § 1367.

Count III of plaintiff's complaint is entitled simply "Retaliatory Discharge." Because plaintiff alleged "retaliation" under the federal civil rights statutes, this court assumes that Count III asserts a claim premised on retaliatory discharge for her filing of grievances--the alleged retaliation insofar as it relates to her complaints of racial harassment will be addressed under Counts I and II. Similarly, Count IV, that alleges "Wrongful Discharge", is construed to be a state tort claim inasmuch as plaintiff already asserted wrongful discharge in the context of the civil rights statutes in Counts I and II. Counts V and VI, allege causes of action with which this court is routinely familiar, namely intentional infliction of emotional distress and breach of contract. Count VII alleges "Harassment." Again, this is interpreted by the court to mean something other than a violation of the civil rights statutes asserted in Counts I and II--this court will construe Counts I and II to contain a harassment claim--and something different from the intentional infliction of emotional distress claim in Count V.

This action, and the confusion surrounding it, stems from the overly broad pleading permitted by the federal procedure rules that allow plaintiffs to claim injury, even though they are not certain upon what theory or theories their injury is based.  Fortunately for the parties, the taxpayers, and the courts, these problems are often alleviated by defendants vigilantly filing either requests for more definite statements or Rule 12(b)(6) F.R.Civ.P. motions.  Neither such motion was filed in the present action.  Accordingly, this aging case comes to rest now at the Rule 56 F.R.Civ.P. stage, even though most of the claims could have been eliminated without reference to the evidence.  The only facts relevant to this case are those pertaining to the collective-bargaining agreement and those which might suggest some intentional infliction of emotional injury.  Accordingly, these are the only facts addressed below.

### A.   Pertinent Facts

Curry is a union employee of Georgia-Pacific.  Her union, United Paperworkers International Union, AFL-CIO, Local 1522, negotiated a collective bargaining agreement with defendant which outlines certain grievance procedures and which mandates binding final arbitration of disputes covered within the agreement, should the grievance process fail.  Plaintiff has, in the past, grieved several claims based on facts asserted in the present action--

3

although under different theories of relief. Through this process, plaintiff obtained back wages and reinstatement for her 1995 termination. Even though she was able to obtain this relief, she asserts several claims in the present action based upon this 1995 termination. After plaintiff was re-hired, she was again fired for an alleged physical altercation she began with another employee. Plaintiff is apparently grieving this dismissal as well, yet she has brought her claims based upon this dismissal concurrently to this court.

Plaintiff contends that she was systematically discriminated against by defendant and its employees because of her race. Plaintiff contends that her black supervisor, James Storey ("Storey"), told her that "you can't do what these white folks do. This is a white folks plant." (Plaintiff Affidavit at ¶ 4). She alleges that Storey, in general, treated blacks different from whites. Plaintiff complains that she overheard other supervisors calling her co-employees "niggers." (Plaintiff Affidavit at ¶ 8). She apparently was also told that she could not use the bathroom while on duty without asking permission. (Plaintiff Affidavit at ¶ 9). She further complains that she was moved to different work assignments that she thought were more physically taxing than she could handle. Plaintiff further suggests, in her deposition, that

4

she received adverse treatment because she filed grievance complaints and because she was black.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994).

### C. Legal Analysis

#### 1. Counts I and II

The labor agreement between Georgia-Pacific and plaintiff's union provides in Section 7, entitled "Grievance Procedure and Arbitration," that "for the purpose of this Agreement, the term 'grievance' is defined as a dispute with respect to the alleged violation by the Company, the Union, or the employees of a specific provision of this Agreement." (Curtiss Affidavit, Ex. 1 at 9). The agreement sets forth the procedures for the settlement of such

5

grievances, the last step being final, binding arbitration. (Curtiss Affidavit, Ex. 1 at 9-13). One of the "specific provisions" of the agreement is a paragraph pertaining to non-discrimination. This provision provides:

> 6:01: It is the policy and practice of both Georgia-Pacific and the Union to provide Equal Employment Opportunity to all persons without regard to race, color, religion, sex, national origin, handicap as defined by the Americans with Disabilities Act, or age as defined in applicable federal and state laws. This includes hiring, assigning, training, promotions, transfers, termination, compensation, employee benefits, and all other conditions of employment. The Company and the Union also agree to make special efforts to provide employment opportunities to disabled veterans and veterans of the Vietnam Era.

(Curtiss Affidavit, Ex. 1 at 8).

Because this agreement binds the members of the collective bargaining unit, including plaintiff, that bargained for the agreement, *see Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875, 885 (4th Cir. 1996), *cert. denied*, ___U.S.___, 117 S. Ct. 432 (1996), and because, as this court has previously held, Title VII and § 1981 claims can addressed through mandatory arbitration and need not be addressed in the trial court in the first instance, *see Greene v. American Cast Iron Pipe Co.*, 871 F. Supp. 1427, 1433 (N.D. Ala. 1994), defendant's motion for summary judgment on these claims is due to be granted. Therefore, all of plaintiff's federal

6

causes of action are due to be dismissed without prejudice to the issues being raised at a subsequent arbitration. *See also, Chisolm v. Kidden, Peabody Asset Management, Inc.*, ___F. Supp.___, 1997 WL 28961 (S.D.N.Y. May 29, 1997), in which Judge Constance Baker Motley reaffirmed the principal that arbitration agreements in the employment context are enforceable as to claims arising under federal statutes.

### 2. Remaining Claims

Defendant's argument relating to binding arbitration was, save the breach of contract claim, limited solely to the federal causes of action. Therefore, this court will address the remaining claims individually. Plaintiff responded only to defendant's arguments concerning the civil rights claims. Therefore, this court can only assume plaintiff has conceded her state law claims.

### i. Count IV

Defendant correctly notes that Count IV, "Wrongful Discharge", cannot stand. The employment-at-will doctrine is so deeply entrenched in Alabama as to allow termination premised on even intentional or reckless misrepresentations. *See Salter v. Alfa Ins. Co.*, 561 So. 2d 1050 (Ala. 1990). Accordingly, Count IV is due to be dismissed with prejudice.

7

### ii. Count V

To recover for Alabama's tort of outrage, plaintiff must show:

(1) the defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from its conduct;

(2) the defendant's conduct was extreme and outrageous; and

(3) the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

*Patterson v. Augat Wiring Systems*, 944 F. Supp. 1509, 1525 (M.D. Ala. 1996)(citing *Jackson v. Alabama Power Co.*, 630 So. 2d 439, 440 (Ala. 1993)). This tort cause of action is reserved for only the most unsavory of acts that are "beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* "Mere insults, indignations, threats, annoyances, petty oppression, or other trivialities do not constitute outrageous conduct." *Id.* (quoting *Surrency v. Harbison*, 489 So. 2d 1097, 1105-06 (Ala. 1986)). To date the Alabama Supreme court has found that only three types of cases fall within the scope of outrage. The first relates to wrongful conduct related to family burials, the second relates to coercive and barbaric insurance tactics, and the third relates to cases of "egregious sexual harassment." *Id.* at 1525-26 (citing *Thomas v. BSE Indus.*

8

*Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993)). None of these situations are present here. Furthermore, none of the evidence proffered by plaintiff in support of her action could lead this court to find that "outrageous conduct" exists in the present case--even if this court was willing to expand the scope of the tort. Accordingly, defendant's motion for summary judgment as to Count V is due to be granted.

### iii. Count VII

Count VII, "Harassment", cannot stand because no such tort exists, except perhaps in plaintiff's Title VII and § 1981 claims which are due to be dismissed without prejudice. Perhaps this court could construe "harassment" to be coterminous with intentional infliction of emotional distress. If it did so it would grant summary judgment for the reasons mentioned above. Because no "harassment" claim exists in Alabama outside these contexts, defendant's motion for summary judgment as to this issue is due to be granted, and Count VII of plaintiff's complaint is due to be dismissed.

### iv.  Counts III and VI

Defendant claims that Count III, retaliatory discharge, and Count VI, breach of contract are preempted by the Labor Management

9

Relations Act. As already mentioned, if plaintiff is complaining under Count III for retaliation pursuant to Title VII or § 1981, then the action is barred by the arbitration clause of the relevant collective bargaining agreement. If plaintiff is complaining of some other state common law or statutory tort of "retaliation", this court is unsure of what cause of action plaintiff asserts. Because no such cause of action exists, this court need not address defendant's preemption defense as it relates to retaliation. In searching through Alabama case law, this court has found that in the civil context a "retaliation" claim can only be asserted by a plaintiff in cases where the state deprives someone of first amendment rights, *see, e.g., Roberts v. Joiner*, 590 So. 2d 195 (Ala. 1991), *cert. denied,* 504 U.S. 956, 112 S. Ct. 2302 (1992), where one has been retaliated against for filing a worker's compensation claim, *see, e.g., Motion Industries, Inc. v. Pate*, 678 So. 2d 724 (Ala. 1996), or where such retaliation is specifically proscribed by a federal statute, *see, e.g., Grant v. Butler*, 590 So. 2d 254 (Ala. 1991)(OSHA prohibition on retaliation), including the civil rights statutes. Plaintiff does not assert any of those claims here. Accordingly, defendant's motion for summary judgment on this issue is due to be granted, and Count III of plaintiff's

10

complaint is due to be dismissed.

This court now turns to defendant's preemption argument concerning Count VI, breach of contract. Defendant correctly notes that plaintiff may only bring a breach of contract claim in federal court premised upon a breach of a collective bargaining agreement containing an arbitration provision if the union fails to pursue its member's grievance through the grievance mechanisms outlined in the arbitration agreement. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S. Ct. 1048, 1058 (1976). Here there is no evidence that the union has failed to do this. Indeed substantial evidence exists to suggest that plaintiff has fully employed, with the union's cooperation, the grievance mechanisms. Accordingly, plaintiff's proper remedy for her breach of contract claim is through her collective bargaining agreement's grievance procedures. Her state law tort claim is otherwise preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See generally, Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S. Ct. 1904 (1985). Defendant's motion for summary judgment as to this issue is due to be granted, and Count VI of plaintiff's complaint is due to be dismissed.

A separate and appropriate order will be entered.

DONE this 14th day of July, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT