FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 SEP 14 AM 10: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ANGELA CURRY, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. |
| GEORGIA-PACIFIC CORPORATION, | } 96-AR-1239-E |
| Defendant. | } |

ENTERED
SEP 14 1999

**MEMORANDUM OPINION**

On September 9, 1999, the court held a supplemental final pretrial conference in the above-entitled case. At that conference the court heard argument on the second or renewed motion for summary judgment filed by defendant, Georgia-Pacific Corporation ("Georgia-Pacific"). That motion had been deferred pending a decision by the Supreme Court of the United States in *Wright v. Universal Maritime Service Corp.*, 119 S.Ct. 391 (1998). The opinion of the Eleventh Circuit entered on April 21, 1998, left open the question of Georgia-Pacific's defense of judicial estoppel as a bar to plaintiff, Angela Curry ("Curry"), and the merits of her claims. It is these issues that Georgia Pacific but the court must now address under Rule 56 analysis.

Entirely consistent with her "statement of position" in the original pretrial order entered on April 9, 1997, plaintiff concedes that her only complaint is that Georgia-Pacific's decision

to terminate her in 1995 was racially motivated. She makes no claim respecting her subsequent discharge that occurred in 1996 after an arbitrator had restored her to the job she had lost in 1995. Plaintiff's only remaining claim is dually presented in both Counts I and II. Both complain of the same job action, the only difference being that each count invokes a different federal statute.

In its Rule 56 motion defendant claims that plaintiff has not presented a *prima facie* case of racially motivated decision making, and is precluded by the doctrine of judicial estoppel as a result of the arbitration proceeding. The Eleventh Circuit has taken away any defense based on the mere existence of binding arbitration in the collective bargaining agreement. Plaintiff has not moved for summary judgment, but she apparently contends that the same arbitration decision here relied upon by defendant as a result of the grievance she did file pursuant to the collective bargaining agreement constitutes a binding adjudication of that defendant's articulated reason for its 1995 decision was pretextual. The court respectfully disagrees with both parties. The arbitration result will be received into evidence "for what is worth," if it is offered, and the facts surrounding plaintiff's subsequent final termination in 1996 will also be received, if offered, because it is relevant to the degree of mental anguish plaintiff may have suffered and to the need to punish defendant in the event the issue

of punitive damages is reached. *See McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 104 S.Ct. 1799 (1984), a decision which will furnish guidance for the court at trial and will be a source for instructions to the jury.

On the basis of the foregoing, defendants' second or renewed motion for summary judgment will be overruled and the earlier pretrial order appropriately amended.

DONE this __14th__ day of September, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE